UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES FAUST, individually,
and on behalf of all others similarly situated,

       Plaintiffs,

v.                                    CASE NO:

MAXUM CASUALTY INSURANCE
COMPANY d/b/a/ MAXUM SPECIALTY
INSURANCE GROUP, a foreign corporation

       Defendant.
_____/

## NOTICE OF REMOVAL OF CLASS ACTION

MAXUM CASUALTY INSURANCE COMPANY d/b/a/ MAXUM SPECIALTY INSURANCE GROUP ("MAXUM"), pursuant to 28 U.S.C. §§ 1332(d)(2)(C), 1446(b)(1), and 1453(b) sets forth the grounds for removal of this class action complaint as follows:

1. JAMES FAUST, individually, and on behalf of all others similarly situated ("FAUST") filed a class action complaint under Rule 1.220(b)(2) of the Florida Rules of Civil Procedure against MAXUM in the Circuit Court of the Twentieth Judicial Circuit in Lee County, Florida, Case No. 14-CA-002886.

2. In the complaint, FAUST seeks declaratory, injunctive relief, and damages on behalf of "**the many thousands**" of class members under a single count for breach of contract by MAXUM, for allegedly failing to pay travel mileage reimbursement under Coverage C - Medical Payments of its Commercial General Liability insurance policies, including but not limited to the policy issued to its named insured: "FREEMAN & HASSELWANDER RESORT PROPERTIES, LLC d/b/a THE RESORT AT MARINA VILLAGE." Specifically, Faust alleges

that "**thousands**" of class members have been denied payment for "submitted mileage expenses," as allegedly required under established Florida law.

3. Putting aside that the legal authority cited by FAUST does not support his cause of action,[1] FAUST alleges the following factors as grounds for class certification:

(a) <u>Numerosity</u>: the class members are "at the very least in the many thousands of members."

(b) <u>Commonality</u>: the claims of FAUST include questions of law and fact which are common to those of the class, including whether Coverage C – Medical Payments includes reimbursement for travel mileage to obtain medical treatment, and if so, whether the class is entitled to recover such mileage expenses.

(c) <u>Typicality</u>: the claims of FAUST are typical of the claims of the class, and the class allegedly suffered similar harm i.e., lack of reimbursement for travel mileage to obtain medical treatment;

(d) <u>Adequacy of class representation</u>: FAUST adequately represents the interests of the members of the class, as he has only aligned interests and no conflicts with the class;

(e) <u>Predominance of common questions</u>: common questions of law and fact predominate over any individual issues in this litigation;

(f) <u>Superiority of class resolution over individual claims</u>: resolution by this class action of small damages inflicted "on large groups" is superior to any other available method of litigation, and

(g) **<u>Definition of class</u>: the class consists of: (1) all persons that "were covered for Medical Payments coverage under a Florida property, casualty, surety or marine insurance" from MAXUM; (2) that were involved in a covered accident and incurred medical transportation or mileage expenses, and (3) within five years prior to this complaint."**

4. FAUST was at all times, including at the time this action was commenced and this Notice filed, a citizen of Florida.

---

[1] MAXUM intends to dismiss FAUST's pleading.

5. MAXUM was at all times, including at the time this action was commenced and this Notice filed, a Delaware company with its principal place of business in Georgia. MAXUM is accordingly a citizen of the states of Delaware and Georgia. The diversity requirement is accordingly satisfied.

6. Further, based on the "class" definition in the complaint, there is no indication that more than two-thirds of the purported class members in the aggregate are citizens of the state of Florida. The local controversy exception is therefore inapplicable. In fact, to receive benefits under Coverage C of the policy at issue, it is not necessary that an injured claimant be a resident of Florida. *See* policy attached as Exhibit A.[2] Consequently, the controversy in this case does not uniquely affect a particular locality, *i.e.*, Florida, to the exclusion of others.

7. In the complaint, FAUST alleges that he made a demand for mileage benefits under the policy at issue, which MAXUM denied. FAUST also claims that MAXUM failed to "cover all class members for medical mileage."

8. FAUST provides a simple formula to determine the monetary relief for all class members, "**twice** the service charge paid" under Coverage C. The jurisdictional amount is consequently "readily deducible" from this removal notice. *See Eyler v. ILD Telecomm., Inc.*, No. 3:08-cv-351-J-32JRK, 2008 WL 5110754, at *9 (M.D. Fla. Nov. 25, 2008) ("[I]f the

---

[2] "[I]n a contract dispute, a plaintiff's failure to provide the defendant with a copy of the contract does not preclude the defendant from producing a copy of the contract to aid the court in determining expectation damages." *Advantage Open MRI, Inc. v. State Farm Mut. Auto. Ins. Co.*, No. 8:08-civ-2308-T-17-EAJ, 2009 WL 2958659 (M.D. Fla. Sept. 15, 2009) (citing *Lowery v. Ala. Power Co.*, 485 F.3d 1184, 1214 n. 66 (11th Cir. 2007); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 770-71 (11th Cir. 2010) ("As to the "receipt from the plaintiff" rule, this case was removed under the first paragraph of § 1446(b). As we have already explained at some length, that first paragraph does not restrict the type of evidence that a defendant may use to satisfy the jurisdictional requirements for removal.").

jurisdictional amount is either stated clearly on the face of the removal … or readily deducible from them, then the court has jurisdiction.") (citing *Lowry,* 485 F.3d at 1211).

9. Under Coverage C, the MAXUM policy includes a $5,000 medical expense limit for "any one person," subject to certain conditions and exclusions. *See* Ex. A.

10. Applying FAUST's formula, it is evident that the amount in controversy is in excess of $5,000,000 (five million dollars), exclusive of interest, attorney's fees, and costs. That is, $5,000 of available benefits under Coverage C of the policy at issue, multiplied by two, equals $10,000. FAUST alleges that there are "**thousands**" of class members. If only 2000 class members are considered, and each class member is allegedly owed $10,000, then the actual amount in controversy is $20,000,000. *See, e.g., Kelly v. State Farm Mut. Auto. Ins. Co.,* No. 5:10-cv-194-Oc-32GRJ, 2010 WL 9888731, at *5 (M.D. Fla. Sept. 23, 2010) ("The value of this litigation to Plaintiffs and each putative class member is therefore the full limit on stackable UM coverage provided under each insurance policy issued by Defendant to Plaintiffs and putative class members… The total amount in controversy is, therefore, the aggregate of the limit on stackable UM coverage for each putative class member."); *Standard Fire Ins. Co. v. Knowles,* 133 S. Ct. 1345, 1348 (2013) (holding that "[t]o determine whether the matter in controversy exceeds that sum, the claims of the individual class members shall be aggregated."); *Reiley v. Amy's Kitchen, Inc.* 2 F. Supp. 3d 1300, 1304 (S.D. Fla. 2014) ("For CAFA purposes, we aggregate the claims of individual class members and consider the monetary value that would flow to the entire class if declaratory relief were granted.").

11. Pursuant to 28 U.S.C. § 1446(b), this Notice is accordingly timely since it was filed within thirty days of receipt of service of the summons and complaint.

12.   Because the purported class has over 100 members; minimal diversity is present between the parties; the amount in controversy is in excess of $5,000,000 exclusive of interest, attorney's fees and costs, and this action involves common questions of fact and law, this action is removable to this Court pursuant to 28 U.S.C. §§ 1332(d)(2)(C), 1446(b)(1) and 1453. [3]

13.   Under 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders that MAXUM has received are attached as composite Exhibit "B."

14.   A copy of this Notice will be promptly filed with the Clerk of the Circuit Court of the Twentieth Judicial Circuit in Lee County, Florida, and served on all interested parties.

15.   MAXUM, under 28 U.S.C. § 1453, respectfully request that this Court remove this action, which is currently pending in the Circuit Court of the Twentieth Judicial Circuit in Lee County, Florida.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

s/MICHELE A. VARGAS
**SINA BAHADORAN**
Florida Bar No. 523364
sbahadoran@hinshalaw.com
**MICHELE A. VARGAS**
Florida Bar No. 686395
mvargas@hinshawlaw.com
2525 Ponce de Leon Boulevard
Fourth Floor
Miami, Florida 33134
Tel: 305-358-7747
Fax: 305-577-1063
*Attorneys for Maxum Indemnity Co.*

---

[3] *See Kelly v. State Farm Mut. Auto. Ins. Co.,* No. 5:10-cv-194-Oc-32GRJ, 2010 WL 9888731, at *3 (M.D. Fla. Sept. 23, 2010) ("In determining whether subject matter jurisdiction has been satisfied the Court must focus upon the amount in controversy at the time that the case is removed and not at any later point.") (citations omitted).

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 18, 2014, I e-filed this document using the CM/ECF system. I further certify that I am not aware of any non-CM/ECF participants.

                                              s/MICHELE A. VARGAS
                                              Michele A. Vargas