FILED

2014 NOV 19  PM 2: 25

~~DISTRICT COURT~~
~~DICT OF FLORIDA~~
~~RT MYERS, FLORIDA~~

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND
FOR LEE COUNTY, FLORIDA                                    CIVIL ACTION

JAMES FAUST, individually,
and on behalf of all others similarly situated,

       Plaintiff,

    v.

MAXUM CASUALTY INSURANCE COMPANY
d/b/a MAXUM SPECIALTY INSURANCE
GROUP, a foreign corporation,

       Defendant.
_____/

**CLASS
REPRESENTATION**

Case No.: _____

2:14-cv-674-FtM-29DNF

## CLASS ACTION COMPLAINT

Plaintiff, JAMES FAUST, individually, and on behalf of all others similarly

situated, sues the defendant, MAXUM CASUALTY INSURANCE COMPANY d/b/a

MAXUM SPECIALTY INSURANCE GROUP (hereinafter referred to as "MAXUM

Specialty Insurance Group") and says:

### *Introduction*

1. This action is brought to obtain declaratory and injunctive relief and secure

redress for the systematic denial of benefits and the misrepresentation of and failure to

disclose coverage for medical payments mileage expense, perpetrated by defendant on

plaintiff and numerous other persons. The defendant's practice is as follows:

    a. MAXUM Specialty Insurance Group writes property, casualty and marine
insurance and sells same to insureds in the State of Florida;

    b. MAXUM Specialty Insurance Group offers "medical payments," coverage
which provides a right of reimbursement for, *inter alia*, "medical expenses."

    c. The phrase "medical expense" is universally construed, and has as its plain
and ordinary meaning, the inclusion of *mileage* - that is the transportation expense to and
from the medical provider.

d.  · The inclusion of mileage within the meaning of "medical expense" is ubiquitous and has been for at least half a century of Florida jurisprudence such that there is no ambiguity in the term. See *Malu v. Security Nat;l Ins. Co.*, 898 So.2d 69 (2005) ("requires reimbursement of transportation costs"); *Mobley v. Jack & Son Plumbing*, 170 So.2d 41 (Fla 1964)("there can be no doubt . . . that travel expenses necessarily incurred in enjoying the medical benefits . . . are an incident of medical care and treatment . . . "); *Hunter v. Allstate Ins. Co.*, 498 So.2d 514 (Fla 5th DCA 1986)(mileage covered under "medical expenses"). Thus as a matter of law plaintiff's mileage costs are covered.

e.  Alternatively, even if the term "medical expense" could somehow reasonably be interpreted as not covering mileage, then at the very least, the term would be susceptible of more than one meaning — one affording coverage and the other depriving it.  If the term "medical expense" is ambiguous, then it must be "strictly construed" against MAXUM.

f. Compounding its inconsistent, wrongful, and self-serving misconstruction of its Medical Payments mileage obligation, MAXUM's standard operating procedure is to *deny* coverage for mileage, and to misrepresent that mileage is *not* covered. Since mileage *is* covered under *its Medical Payments* coverage, MAXUM is engaged in a systematic and comprehensive pattern and practice of misrepresentation of coverage and benefits to its omnibus insureds.

g. This lawsuit seeks injunctive and declaratory relief, declaring that mileage is covered, and enjoining MAXUM from denying coverage and misrepresenting coverage, for remedial and corrective notice to the class informing them of their rights under the policy, and for damages in the form of reimbursement of all medical mileage, plus interest, costs, attorneys' fees, and the costs of notice.

### *Jurisdiction*

2.  This is a cause of action for declaratory and injunctive relief and for damages in excess of $15,000.

3.  JAMES FAUST is a resident of Lee County, Florida and is *sui juris*.

4.  MAXUM Specialty Insurance Group is a foreign corporation insuring hundreds of thousands of insureds in the State of Florida, maintains offices in Lee County, Florida, delivered the subject policy to JAMES FAUST in Lee County, Florida, and caused harm to JAMES FAUST in Lee County, Florida.

**Count I**
***Medical Payments Mileage Coverage – Breach of Contract***
***Cause of Action***

5.  MAXUM Specialty Insurance Group is an insurer, a subsidiary of an insurer, or a corporation under substantially the same management or control as an authorized insurer, and pursuant to Section 627.902 Fla. Stat. (1995), may finance property, casualty, surety, and marine insurance premiums on policies issued by MAXUM Specialty Insurance Group.

6.  MAXUM Specialty Insurance Group, pursuant to its regular business practice, offered Medical Payments coverage which coverage includes the right to reimbursement for mileage expenses.[1]

7.  Plaintiff made demand for mileage benefits under the policy, and MAXUM denied coverage for medical mileage, and misrepresented the fact that medical mileage was not covered under its Medical Payments coverage.

8.  MAXUM has breached its contract by refusing to pay benefits covered under the policy, to wit, the submitted mileage expenses.

9.  Plaintiff has suffered damages and is entitled to be paid the medical mileage benefits.

10.   Plaintiff has no adequate remedy at law.

11.   Plaintiff is uncertain as to his rights under the contract.

3

### *Class Representation Allegations*

12. This action is brought as a class action pursuant to Rule 1.220 (b)(2), Fla. R. Civ. P. MAXUM Specialty Insurance Group has acted on grounds generally applicable to all of the members of the class, thereby making final injunctive relief or declaratory relief concerning the class as a whole appropriate:

   a. MAXUM Specialty Insurance Group has failed to cover all class members for medical mileage and failed to inform them of the coverage as part of a systematic, statewide policy.

   b. MAXUM Specialty Insurance Group statewide practices were systematically applied to all members of the class.

   c. Equitable relief by way of a single judicial declaration or injunction would simultaneously benefit all class members.

   d. Monetary relief for all class members is readily calculable by application of one simple formula, that is, twice the service charge paid.

   e. There are no individual issues (such as "reliance") which would bar application of class wide relief.

### *Numerosity*

13. The members of the class are so numerous that it would be impractical and uneconomical to require joinder of each class member. The approximate number of class members is unknown but at the very least in the many thousands of members.

### *Commonality*

14. The claims of JAMES FAUST raise questions of law and fact which are common to those of the class. The common questions raised include:

   a. whether MAXUM Specialty Insurance Group's Medical Payments coverage affords reimbursement for medial mileage?

   b. whether MAXUM Specialty Insurance Group's breached its policy by denying medical mileage reimbursement?

4

c. whether declaratory and injunctive relief may issue to address and stop MAXUM Specialty Insurance Group's wrongful denials of coverage and misrepresentations of coverage?

d. whether plaintiff is entitled to recover from MAXUM Specialty Insurance Group his medical mileage expenses?

### *Typicality*

15. The claims of JAMES FAUST are typical of the claims of the class in at least the following respects:

a. The claims of JAMES FAUST raise questions of law and fact common to those of the class, as more fully described in the preceding paragraph.

b. The harm to JAMES FAUST is similar in kind and amount to the harm suffered by other members of the class.

c. The claims of JAMES FAUST arise from the same course of conduct by MAXUM Specialty Insurance Group as do the claims of the class.

d. The relief sought by JAMES FAUST is the same as the relief sought on behalf of the class.

### *Adequacy of Class Representation*

16. JAMES FAUST, named plaintiff and class representative, adequately represents the interests of the members of the class because:

a. JAMES FAUST's interests are aligned with those of the class members and he has no interests adverse to or in conflict with the class members;

b. JAMES FAUST understands the duties and responsibilities of serving as class representative and has undertaken to retain two competent law firms to represent the members of the class and to fulfill his responsibilities. He frequently consults with counsel concerning the status of the case. He takes very seriously his duties as class representative.

c. JAMES FAUST's claims are typical of the claims of the class and the issues in his claim are in common with those of the class.

d. JAMES FAUST, out of thousands of class members, was the first to come forward and undertake to represent the class, and for all of the foregoing reasons is more than adequately representing the class.

17. Marcus Viles attorney for JAMES FAUST and the class, adequately represents the class and is highly experienced in civil litigation, and understands the nature of the litigation.

### Predominance of Common Questions

18. The common questions of law and fact set forth in paragraph 16 and 17 predominate over any individual issues. In fact, there are no individual issues raised in this litigation.

19. MAXUM Specialty Insurance Group subjected all class members to the same standard practices, and conduct, and utilized similar documentation and procedures for all defined class members.

### Superiority of Class Resolution Over Piecemeal, Small, Individual Claims

20. Resolution by class action of small damages inflicted on large groups is superior to any other available method of litigation. Declaring the practice unlawful, enjoining its continued perpetration, and securing reimbursement to all injured consumers requires class application in order that this case might confer the greatest societal benefit.

21. Class action litigation is the only economically viable way to provide legal representation for the small claims of these thousands of class members who would find it financially unfeasible to individually prosecute their claims. Consumers are frequently the target of wrongful coverage schemes by insurers and the least capable of initiating and prosecuting litigation. Only by class certification can their rights be protected, making class representation the superior method of adjudicating the claims *sub judice*.

### *Definition of Class*

22. This claim is brought on behalf of a class. The class consists of all persons who satisfy the following criteria:

    a. they were covered for Medical Payments coverage under a Florida property, casualty, surety or marine insurance from MAXUM Specialty Insurance Group;

    b. they were involved in a covered accident and incurred medical transportation or mileage expenses;

    c. within five (5) years prior to this Class Action Complaint.

### *Prayer for Relief*

23. Plaintiff has retained the undersigned counsel and has or will incur substantial attorneys' fees and costs. Pursuant to §627.428 Fla. Stat. (2014) Plaintiff is entitled to an award of attorneys' fees and costs. Plaintiff's undersigned attorneys will be entitled to and do seek attorneys' fees from the common fund to be created in this matter.

WHEREFORE, plaintiff seeks the following relief:

    a. Declaratory judgment that mileage or transportation costs are covered, and injunctive relief enjoining from further denying coverage or misrepresenting the coverage;

    b. Injunctive relief that all mileage or transportation expenses incurred by plaintiff and the class through the date of said judgment shall be refunded to the plaintiff, individually, and to all class members;

    c. Damages in the amount of mileage or transportation expenses to plaintiff and each class member;

    d. Award to the undersigned attorneys of attorneys' fees and costs;

    e. Such further relief as is deemed mete and proper.

    f. Trial by jury of all issues triable as of right by a jury.

7

g. Prejudgment interest on all damages for which prejudgment interest may be allowable by law and on attorneys' fees and costs to the extent allowable by law.

Signed this 30th day of September, 2014.

Viles & Beckman, LLC
Attorneys for Plaintiff

/s/Marcus W. Viles
By Marcus W. Viles, Esquire
FBN 0516971
6350 Presidential Court
Fort Myers, FL 33919
(239)334-3933
marcus@vilesandbeckman.com
lakisha@vilesandbeckman.com

8