UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES FAUST, individually and on behalf of all others similarly situated,

    Plaintiff,

v.                                 Case No: 2:14-cv-674-FtM-29DNF

MAXUM CASUALTY INSURANCE COMPANY, a foreign corporation,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion for Remand (Doc. #15) filed on December 17, 2014. Defendant filed a Response in Opposition (Doc. #18) on January 5, 2015. Also before the Court is defendant's Motion to Strike Counsel's "Declaration" in Support of Plaintiff's Motion to Remand (Doc. #19) filed on January 5, 2015. Plaintiff filed a Response in Opposition to Defendant's Motion to Strike (Doc. #22) on January 20, 2015.

**I.**

Plaintiff James Faust originally filed this putative class action in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, alleging that defendant Maxum Casualty Insurance Company breached the terms of his insurance policy by

refusing to pay submitted mileage expenses.[1] (Doc. #2.) Defendant removed the action to this Court on November 19, 2014, asserting subject matter jurisdiction under the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1332(d).

Plaintiff now moves to remand the case to state court on the grounds that defendant failed to satisfy the requirements for removal pursuant to CAFA. Specifically, plaintiff argues that defendant failed to satisfy CAFA's amount in controversy requirement. (Doc. #15.)

**II.**

Any civil action filed in state court may be removed by the defendant to federal court if the case could have originally been brought in federal court. 28 U.S.C. § 1441(a). The burden of establishing subject matter jurisdiction for purposes of removal is on the defendant. Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002) (citing Williams v. Best Buy Co., 269 F.3d 1316, 1318 (11th Cir. 2001)). See also Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010) ("CAFA does not change the traditional rule that the party seeking to remove the case to federal court bears the burden of establishing federal

---

[1]The purported class consists of persons covered for Medical Payments coverage under a Florida property, casualty, surety, or marine insurance policy from defendant, provided they were in a covered accident and incurred medical transportation or mileage expenses within the five year period preceding the initiation of this action. (Doc. #2, ¶ 22.)

jurisdiction."). Removal jurisdiction is construed narrowly and "all doubts about jurisdiction should be resolved in favor of remand to state court." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999).

**A.**

Congress enacted CAFA "to address inequitable state court treatment of class actions and to put an end to certain abusive practices by plaintiffs' class counsel." Lowery v. Ala. Power Co., 483 F.3d 1184, 1193 (11th Cir. 2007). CAFA seeks to address these inequities and abusive practices by, among other things, broadening federal diversity jurisdiction over class actions with interstate implications. Id. CAFA grants subject matter jurisdiction to federal district courts over class actions removed from state court when four requirements are met. "These requirements are: (1) an amount in controversy requirement of an aggregate of $5,000,000 in claims; (2) a diversity requirement of minimal diversity; (3) a numerosity requirement that the action involve the monetary claims of 100 or more plaintiffs; and (4) a commonality requirement that the plaintiffs' claims involve common questions of law or fact." Pretka, 608 F.3d at 751 (quoting Lowery, 483 F.3d at 1202).

Plaintiff argues that the case should be remanded because the amount in controversy is less than $5,000,000. The analysis of the amount-in-controversy requirement focuses on how much is in

controversy at the time of removal, not later. Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1268 n.12 (11th Cir. 2009). Plaintiff's likelihood of success on the merits is irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much plaintiff is ultimately likely to recover. Pretka, 608 F.3d at 751.

To determine whether the $5 million threshold is met, a court first examines whether it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. S. Fla. Wellness, Inc. v. Allstate Ins. Co., 745 F.3d 1312, 1315 (11th Cir. 2014). If the plaintiff has not pled a specific amount of damages, as is the case here, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. Id. "A court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence, to determine whether the defendant has carried its burden." Id.

**B.**

Defendant's Notice of Removal asserts that the amount controversy exceeds $5,000,000 because the purported class seeks "twice the service charge paid," the policy at issue provides for $5,000 of benefits, and there are "thousands" of class member; thus, if only 2,000 class members are considered, the amount in

controversy is $20,000,000. (Doc. #1, pp. 3-4.) The sole evidence provided in support of removal is a copy of the insurance policy at issue. (Doc. #1-1.) Plaintiff contends that this matter should be remanded because claims for the damages for medical mileage reimbursement claims are generally less than $400.[2] (Doc. #15, p. 3.)

Defendant argues that the Court should consider the policy limit set forth in the insurance policy, not the speculative amount of each claim, when determining if the amount in controversy requirement is satisfied. This argument, however, is contrary to the law in the Eleventh Circuit. Many courts have held that it is the value of the claim at issue, not the value of the policy limit, that is considered for purposes of determining the amount in controversy. See Martins v. Empire Indem. Ins. Co., No. 08-60004-CIV, 2008 WL 783762, at *2 (S.D. Fla. Mar. 21, 2008) (collecting cases). See also Green v. Travelers Indem. Co., No. 3:11-cv-922-J-37TEM, 2011 WL 4947499, at *1 (M.D. Fla. Oct. 18, 2011); Fields v. Travelers Indem. Co., No. 2:08-cv155-WKW, 2008 WL 2225756, at *2 (M.D. Ala. May 28, 2008) ("The policy limit, although not irrelevant, does not establish the amount in controversy where, as here, the policy holder has not alleged a

---

[2] Plaintiff also states that the request for "twice the service charge paid" was erroneously included in the Complaint and is not supported by Florida law. (Doc. #15, p. 3.) Plaintiff has since filed an Amended Complaint to correct this error. (Doc. #21.)

total loss and instead alleges damages in an amount well below the policy limit."); Employers Mutual Casualty Co. v. Parking Towing Co., Inc., No. 07-0684-WS-B, 2007 WL 4577705, at *2 (S.D. Ala. Dec. 27, 2007) ("a high policy limit does not establish a large amount in controversy for the simple reason that the underlying claim may be for far less than the policy limit").

The Complaint in this matter seeks reimbursement for the transportation expenses incurred on trips to and from a medical provider, not the value of the policy limit. Indeed, the reimbursement sought is far below the policy limit. Plaintiff proffers that a reasonable mileage rate for travel to and from the doctor is approximately $0.56 per mile. (Doc. #15, p. 2.) Thus, an insured would need to drive close to 9,000 miles to reach the $5,000 policy limit. This seems unlikely. Therefore, it is improper to consider the coverage limit as the amount in controversy. See Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1357 (11th Cir. 2005) ("Where, as here, there is no controversy involving the face value of the policy, but only with regards to certain premiums, it would make no sense to consider the policy's face value to be the amount in controversy.").

Defendant has offered no evidence, other than a copy of the insurance policy at issue, to show that the amount in controversy requirement of an aggregate of $5,000,000 in claims is satisfied. Because it would be "impermissible speculation" for the Court "to

hazard a guess on the jurisdictional amount in controversy 'without the benefit of any evidence [on] the value of individual claims,'" Pretka, 608 F.3d at 752 (quoting Lowery, 483 F.3d at 1220), the Court finds that remand is warranted.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Remand (Doc. #15) is **GRANTED.** The Clerk is directed to remand the case to the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida. The Clerk is further directed to terminate all pending motions and deadlines and close this case.

2. Defendant's Motion to Strike Counsel's "Declaration" in Support of Plaintiff's Motion to Remand (Doc. #19) is **DENIED as moot.**

**DONE and ORDERED** at Fort Myers, Florida, this ___14th___ day of April, 2015.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of Record